Whaley, Judge,
delivered the opinion of the court:
This is a suit by a common carrier for allegéd underpayments of freight charges on numerous articles shipped by the Government at various times. The parties have agreed upon the facts by a stipulation and we have adopted the facts as so stipulated. It is not necessary to review them in detail as they are set out with particularity in the findings.
A single shipment, used by the defendant in its brief as an illustration, will serve the same purpose in this opinion. The shipping officer of the Government ordered a car 50 feet in length and the carrier furnished a car of that length. A bill of lading WQA-1710432 was issued covering a shipment of articles weighing 27,386 pounds. For the services performed the Government’s accounting officer allowed freight charges computed by him under section 4 of rule 10, consolidated freight classification no. 5, in the following manner:
On 7,800 pounds at minimum carload weight of 24,000 pounds concededly applicable thereto if shipped separately in a car 36 feet 6 inches in length, at carload rate, and on the remainder of the shipment, 19,586 pounds, at actual weight and less-than-carload rates.
It is conceded that, had the 7,800 pounds been shipped separately in a 50-foot car, the prescribed minimum carload *359 weight would be 38,800 pounds and not 24,000 pounds. The issue between the parties is as to which minimum carload rate controls. The solution of this issue requires a construction of section 4, referred to aboye, the applicable portion of which reads as follows:
“ Section 4. When the aggregate charge upon the entire shipment is less on basis of carload rate and minimum car-' load weight * * * for one or more of the articles and on basis of actual * * * weight at less-than-carload rate or rates for the other article or articles, the shipment will be charged for accordingly.”
It is admitted that rule 34 of the classification provides for a graduated scale of minimum carload weights depending upon the length of car ordered and furnished. If a 50-foot car is ordered by the shipper and furnished by the carrier, the shipper is required to pay for a greater mihimuih weight than if he had ordered a car-of a smaller size. This rule is based ori a good reason. Car space manifestly had to-be conserved, and by the adoption-of this rule shippers were induced to order no more space than was requisite for the particular shipment. '
It is assumed that the articles comprising the lot of 7,800 pounds are classified as subject to rule 34.-
If the shipping officer, as he might have done under proper circumstances, had ordered a car of 36 feet 6 inches for the 7,800 pounds and then tendered the balance of 19,586 pounds as a less-than-carload shipment, the defendant would admittedly have to pay no more than it actually has paid. But, the record does not disclose that a car of 36 feet 6 inches would accommodate the theoretically segregated 7,800 pounds and as a matter of fact the shipping officer did not order a standard size car. He ordered a 50-foot car. If rule 34 be not read with section 4 of rule 10, a shipper, having a shipment as is here involved, could order an unnecessarily large car, without having to pay any increased charge therefor and the carrier would be helpless against the drain upon its equipment. We must assume the shipping officer ordered a car the size he believed necessary *360 for the needs of the shipment. The record does not intimate that a smaller car would have accommodated the practical needs of the articles comprising the 7,800 pounds. Be that as it may, the officer did not order the smaller car. There would be no restraint on a shipper to prevent him from always ordering the largest size car, if he would only be required to pay on the basis of the standard size car (a 36-foot 6-inch car) provided the nature of the articles rated as a carload could be accommodated therein. Such an unfair burden is not required of the carrier and rule 34 was intended to meet this very situation.
The selection of the size of the car required was with the shipper and¡ when exercised the carrier had to comply. There is no hardship or injustice imposed on the shipper to charge him on the basis of the car he actually ordered. He could have selected a smaller car, if such a car was suitable to his needs, and tendered the balance as a less-than-carload shipment, and then he would have paid in accordance with the rates applying to the weight of the standard car.
In Barker Bros. v. Pennsylvania R. Co., 153 I. C. C. 236, a case brought to our attention, decided March 28, 1929, 24,683 pounds of steel filing cabinets were shipped with other articles in a 40-foot car ordered by the shipper. Charges were collected computed under the rules here invoked — that is to say, the minimum carload weight was applied to the steel filing cabinets appropriate to a 40-foot car as specified under rule 34, and the remainder of the consignment in the car was treated as a less-than-carload shipment. Complainant sought to have applied the weight appropriate to the steel filing cabinets had they been shipped in a 36-foot car. It was held that the charges assailed were not shown to have been inapplicable or unreasonable, and the complaint was dismissed.
The Barker Bros, case is in point insofar as the question is decided as to what the tariff charge was, aside from its reasonableness. The only, essential difference between that case and the case at bar is that, as the Commission stated: “The evidence shows that the steel cabinets could have *361 been loaded in a 36-foot car bad a car of that length been ordered.” In tbe instant case we do not know, from the record, that tbe disputed 1,800 pounds could have been loaded in a 36-foot 6-inch car. We are not at liberty to assume that they could.
A reasonable construction of section 4, rule 10, requires it to be considered with rule 34, and plaintiff is entitled to recover. Plaintiff reduces its claim to $246.45 and- recovery will be in that amount. It is so ordered.
Williams, Judge; Littleton, Judge; Gkeen, Judge; and Booth, Chief Justióe, concur. !